**Sammie Gail BLANKENSHIP, et al., Plaintiffs,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Georgia FINCH, et al., Plaintiffs,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. A. Nos. C 75–0185 L(A), C 76–0441 L(A).

United States District Court, W. D. Kentucky, Louisville Division.

Sept. 17, 1981.

Lloyd C. Anderson, Barry L. Masters, Legal Aid Society, Inc., Louisville, Ky., Henry A. Freedman, Daniel C. Taubman, Alan H. Kleinman, Center on Social Welfare Policy and Law, New York City, for plaintiffs.

Ann Nunn, Asst. U. S. Atty., Louisville, Ky., Verrell L. Dethloff, Jr., Baltimore, Md., for defendant.

## MEMORANDUM OPINION

ALLEN, Chief Judge.

In response to this Court's call for submission of acceptable sanctions for failure to comply with reasonable time limitations, the defendant has tendered what he entitles "administrative initiatives." These proposals provide that:

1. The ALJ in Charge or the Associate Commissioner would establish the time for holding the hearing and, where appropriate, for making a decision,

2. Hearing before an ALJ could be waived by the claimant in favor of a hearing before attorneys in the Office of Hearings and Appeals, and

3. Administrative action would be taken against ALJs who failed to conform to the established time limits. These proposals have resulted in several motions in this case, including defendant's request that the Court limit its jurisdiction to review the proposals, plaintiffs' request that the Court carefully examine the proposals for desirability, and a request by the Association of Administrative Law Judges that it be allowed to intervene.

■■■ We agree with defendant that examination of the proposals for "desirability" would, under the circumstances of this case, violate all principles of separation of powers. *Vermont Yankee Nuclear Power v. Natural Resources Defense Council, Inc.,*

435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978). We do not believe that the mandate of the Sixth Circuit Court of Appeals or any other source gives this Court the authority to reach out to decide issues of purely internal administration. Accordingly, the only one of these initiatives which is even conceivably before this Court for review is that which proposes administrative action against ALJs who fail to conform to established time limits, since this has been offered as a sanction for failure to comply with the reasonable time limitations. Our question, however, is a limited one: Is this an "acceptable sanction" as it bears on the due process rights of the claimant? Except as it implicates the question of the due process rights of the claimant, if the Secretary proposes to take action against an ALJ because of the quality, quantity or timing of decisions, any possible legal challenge would not be comprehended within the present suit, and a separate action would have to be instituted. Accordingly, we cannot agree that it is appropriate to sustain the motion of the proposed intervenors.

On the other hand, the mandate of the Sixth Circuit Court of Appeals has placed this Court in the position of approving proposed regulations, such that this Court's leave to publish the proposals as written could be interpreted as a ruling on the legality or desirability of the "initiatives" proposed. We emphasize that our analysis of this initiative is limited solely to an examination of whether it provides a sanction meaningful in the context of the due process rights of the claimant. Beyond this inquiry, we are emphatically unwilling to express any opinion as to whether a proposed retaliation against an ALJ is or is not legal, appropriate, reasonable, or desirable. The question is simply not before us.

■ Within the limited scope of our inquiry, we believe the proposed "sanction" fails. While we might have wished for greater guidance from the Sixth Circuit Court of Appeals, it is at least clear that the court held 220 days between hearing request and hearing decision to be unreasonable delay. *Blankenship v. Secretary*, 587 F.2d 329 (6th Cir. 1978). One of the implications of this is that such a delay deprives the claimants of statutory rights (and perhaps constitutional rights as well, although the Sixth Circuit declined to consider this issue). Coupled with this is the following observation from *Blankenship* at p. 334:

"... it is clear from the evidence presented as well as from the eligibility requirements that many applicants are destitute and seek benefits for the necessities of life. Substantial hardship can result from delays in such circumstances."

Thus, the Sixth Circuit has recognized the classic situation of a wrong coupled with injury. We believe that where the claimant has been deprived of rights as a result of delays not attributable to the claimant, this deprivation, at least where it results in substantial hardship, can only be corrected by commencing payment of benefits, subject to a right of recoupment. Taking action against an ALJ simply fails to recognize the deprivation of rights and the resultant hardship to the claimant.

■ Also submitted for decision is plaintiffs' motion to enjoin the defendant from failing to follow the time limits he announced in August, 1980, time limits which have been approved by this Court. It is clear that the Sixth Circuit did not envision a process as lengthy as this has become, when it ordered, in *Blankenship*, at p. 336:

The Secretary shall submit such regulations to the District Court for review within one hundred twenty days following the date the mandate in this case is received and filed in the District Court. The Secretary should submit the proposed regulation to the District Court for review before it is published as a proposed or final regulation in the Federal Register. The District Court will review the reasonableness of the proposed rules and regulations and enter such further orders as may be appropriate in light of the principles and reasoning enunciated in this opinion.

It appears to this Court that the Sixth Circuit Court of Appeals expressed a pref-

erence for voluntary administrative action; however, it is clear that a violation of plaintiffs' statutory rights was found, and the appellate court intended that a remedy be instituted as quickly as possible. The present delay in instituting any such remedy is due solely to the Secretary's decision not to publish the regulations which were proposed over a year ago. We do not read the *Blankenship* case as condoning this type of voluntary delay. It is clear that any necessary revisions can be accomplished after publication of the regulations. Plaintiffs' request, while calling for a relatively harsh remedy, appears to be justified by defendant's delay in light of the mandate of the Sixth Circuit Court of Appeals.

█ The final group of motions submitted for decision includes defendant's motion to publish the appeals council portion of the regulations, defendant's motion to allow revision of the regulations, and plaintiffs' motion for a discovery and briefing schedule. A threshold question is whether the opinion remanding this case from the Sixth Circuit Court of Appeals gives this Court authority to consider any and all regulations proposed for promulgation by the Secretary, or to consider the appeals council portion of the regulations specifically, or to exercise continuing review of revisions in the regulations.

Consolidation of *Finch v. Secretary* with *Blankenship v. Secretary* was previously ordered, but we have re-examined the question of whether the cases involved similar issues amenable to similar remedies. We have again determined that they do, and that review of the appeals council aspect of the regulations is authorized. The Social Security Act gives the claimant the right to "reasonable notice and opportunity for a hearing." 42 U.S.C. Sec. 405(b). Since the appeals council procedure does not come into play until a hearing has already been provided, it could be argued that this statute may not be used as the source of a right to appeals council decision within any given time.

However, the Sixth Circuit also relied on the provisions of the Administrative Proce-

dure Act in finding a statutory right to a decision within a reasonable time. *Blankenship, supra*, at p. 333. 5 U.S.C. Sec. 555(b) requires that an agency "conclude a matter presented to it" within a reasonable time. Administrative adjudication of a social security matter is not concluded until the appeals council stage has been exhausted, and it appears that the time consumed at this stage must be considered in conjunction with the time consumed at earlier stages. Otherwise, this Court and the parties will not be able to reach a solution which "will not frustrate welfare administration." *Blankenship, supra*, at p. 336.

We agree that analysis of the reasonableness of the appeals council regulations requires some investigation of factual matters, and time should be provided for discovery and briefing. The submission of a plethora of motions herein has resulted in such delay in ruling upon plaintiffs' motion for a briefing and discovery schedule that neither the schedule proposed by plaintiffs nor that proposed by defendants is suitable. The court proposes that the parties be granted forty-five days from the date of this order to complete discovery on the issue of reasonableness of the appeals council portion of the regulations and the issue of reasonableness of the Secretary's proposed revision of the regulations previously approved. Briefs shall be submitted simultaneously twenty (20) days thereafter, with each party granted the customary time for response. Thereupon the questions will stand submitted.

Defendant's motions to limit jurisdiction, to revise the regulations, and to publish the appeals council provisions raise the spectre of continuing court involvement in the regulatory process. The proposed changes are in response to changed conditions, and there is no reason to anticipate that conditions will not continue to change. Indeed, this Court has previously directed certain reports to be made, looking toward the time when changed conditions will permit time limits more favorable to the claimant than those previously approved. We do not relish, nor do we believe the Sixth Circuit

envisioned, the role of administrative overseer. However, the appropriate scope of our review is difficult to determine given the mandate under which we are operating, and the responses of the parties.

If defendant is correct in his view of the limited scope of this Court's jurisdiction to review these matters, some of the rulings announced in this opinion have already overstepped the Court's bounds, and this matter could be concluded much more expeditiously. Since the scope of this Court's authority appears to be a controlling question of law, and its resolution would hasten the final disposition of this matter, this question is an appropriate one for interlocutory appeal. Leave will be granted for interlocutory appeal of today's rulings, but discovery will continue in the interim.